IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LESTER D. PABON-RIVERA,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 12-1391 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On May 25, 2012, plaintiff Lester D. Pabón Rivera ("plaintiff Pabón") filed this action to obtain judicial review of the final decision of the defendant the Commissioner of Social Security (hereafter "Commissioner") denying his application for a protected period of disability and ensuing disability benefits. (Docket No. 1).[1]

On November 13, 2012, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 8 and 9). The parties consented to jurisdiction by a Magistrate Judge and the Court authorized same on June 8, 2012.[2]

On March 19, 2013, plaintiff Pabón filed, through Atty. Salvador Medina De-La-Cruz, the corresponding memorandum of law. (Docket No. 16). On May 21, 2013, the Commissioner filed his memorandum. (Docket No. 19).

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

[2] The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases. Title 28, United States Code, Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

**BACKGROUND**

Plaintiff Pabón filed an application for disability benefits with onset date of disability of December 1, 2005, which was denied initially and upon reconsideration insofar as date prior to December 8, 2007. The presiding Administrative Law Judge ("ALJ") issued an opinion finding plaintiff Pabón was not disabled prior to December 8, 2007 since he was considered able to perform alternative type of work. Plaintiff Pabón was considered disabled after said date, for which reason this federal action relates solely to a protected period of disability from alleged onset date up to December 7, 2007.

Plaintiff Pabón seeks judicial review of the final decision of the Commissioner on grounds the hypothetical questions posed to the vocational expert at the administrative hearing did not accurately reflect all of the limitations for the responses to be considered substantial evidence in support of the ALJ's determination denying benefits. Plaintiff Pabón also objects to the ALJ not giving the medical evidence submitted by Dr. Maritza Ortíz ("Dr. Ortíz") adequate weight although admitting same in the ALJ's administrative decision. (Docket No. 16, pp. 2-5).

Plaintiff was represented by counsel at the administrative hearing and waived being present. The ALJ considered the testimony of vocational expert Dr. Héctor Puig ("Dr. Puig") and a medical expert, Dr. Jennifer Cortés ("Dr. Cortés"). (Docket No. 8, Transcript, pp. 30-62). The ALJ assessed the medical evidence of record, the testimony of vocational expert Dr. Puig and of the medical expert Dr. Cortés and issued an opinion dated May 21, 2010 finding plaintiff Pabón unable to perform his past relevant job in the construction

work. Still, the ALJ determined that prior to December 8, 2007, plaintiff retained the residual functional capacity for the full range of light work and presented as residual to the vocational expert that plaintiff had some limitations that eroded the unskilled light occupational base in that he was limited to performing simple, repetitive tasks, was unable to have any contact with the public and have only occasional contact with co-workers and supervisors. (Docket No. 8, Trans., p. 60).

Plaintiff Pabón has a fifth grade education and worked as a construction worker, a laborer, which was heavy in level of exertion and unskilled. There was no transferability of skills. The ALJ submitted to the vocational expert a hypothetical situation as to such an individual with work experience as above, whose maximum level of exertion was light and whose maximum mental capacity was to perform simple, repetitive tasks and unable to have contact with co-workers and supervisors.

The vocational expert indicated that, under said hypothesis and residual functional capacity, there were some jobs available as finishing or post direct manufacture outside of the production line such as classifier or sorter and identification of products known as labeler. (*Id.*, pp. 60-61). To questions of plaintiff's legal representative, the vocational expert indicated that, if plaintiff Pabón had an emotional condition and marked limitations, with a diagnosis of schizophrenia which under the Listing of Impairments was under 12.13 and presented a disorder in the thinking, affect and signs of control, he would not be capable of any vocational adaptation to any kind of job. (*Id.*, p. 61).[3]

---

[3] The vocational expert also clarified he heard the prior testimony of the medical expert (Dr. Cortés) as to the emotional condition. (Docket No. 8, Transcript p. 61).

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff Pabón claims disability beginning December 1, 2005 and is insured for disability purposes up to September 30, 2009. After the application for a determination of disability and ensuing benefits was denied initially and on reconsideration, the requested administrative hearing was held on May 13, 2010. Plaintiff waived being present at the hearing, wherein the ALJ entertained the testimonies of a vocational expert and a medical expert while plaintiff Pabón although not present, was represented by counsel. The ALJ stated plaintiff had complaints of status post right tibia fracture, diffuse arthralgia, lumbosacral syndrome and an affective disorder.

On May 21, 2010, the ALJ issued an opinion denying the application as to claimed disability from onset date claimed up to December 7, 2007 and found plaintiff Pabón disabled from December 8, 2007 forward.

## THE ALJ'S DECISION AND THE APPEALS COUNCIL

The ALJ applied in his administrative process the evaluation process mandated by law, insofar as concluding that plaintiff Pabón: (1) met the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through September 30, 2009; (2) had not engaged in substantial gainful activity since the alleged onset date of disability of December 1, 2005; (3) allegations of severe impairments or combination thereof had more than a minimal affect on ability to perform basic work-related activities; (4) plaintiff did not have an impairment or combination that meets or equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 –at least up to December 7, 2007; (5) upon consideration of the entire record prior to December 7, 2007

plaintiff Pabón retained the residual functional capacity to perform the full range of light type of work except for additional limitations imposed by his mental impairments which "restricted him to simple work activity on a limited, irregular basis," (emphasis supplied) not requiring contact with public and only requiring occasional contact with supervisors and co-workers. (Docket No. 8, Transcript pp. 19-21). The above residual functional capacity would not allow former work that was of heavy level of exertion as a construction worker but there were jobs that existed in significant numbers of light level of exertion and within above limitations, as were identified by the vocational expert's testimony for which Pabón was considered not under disability prior to December 7, 2007.

## LEGAL ANALYSIS

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine

whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The ALJ in the instant case examined and analyzed plaintiff's case following the relevant five steps above described, as applicable for upon determining Pabón was unable to perform his past relevant work as a construction worker, with the testimony of a vocational expert, other jobs were identified within the determined residual functional capacity for light type of work.

The claimant has the burden under steps one through four of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

In issuing this opinion and order this Magistrate Judge has considered the Commissioner's memorandum of law which summarizes without repetitive argumentation, the medical evidence of record that served as ground to the ALJ's findings, as well as the contested portions addressed by plaintiff Pabón and the supporting documentation and the record as a whole. (Docket No. 19).

The ALJ found plaintiff Pabón could not perform his past relevant job in the construction work. The record shows plaintiff had a history of right mid-tibia fracture as a result of a motor vehicle accident on January 30, 2006. Orthopedic treatment was assessed by the ALJ as routine and conservative. A physical examination showed some residual instability and stiffness but was able to walk well and used a cane only for protection and the use of a brace was recommended by orthopedist Dr. Rubén Portalatín. (Docket No. 8, Transcript p. 21). Plaintiff showed a history of hepatitis and there was evidence of elevated liver enzymes but no end organ damage resulted nor jaundice, ascites or hepatomegaly. The ALJ also discussed Pabón had reported inability to perform activities due to seizure, including driving. The ALJ found no evidence of injuries associated with seizure and lack of anti-epileptic treatment. (Docket No. 8, Transcript, pp. 19-20).

There is also record that Pabón suffered from degenerative disc disease of the lumbar spine without nerve root compression, limitation of motion or atrophy. The ALJ assessed the record as the patient having normal gait for reference to limitation in ambulation was not determined by a medical examination but by state agency consultants upon review of the record.

Insofar as the mental disorder, the ALJ concluded Pabón had moderate restrictions in activities of daily living, in maintaining social functioning and difficulties in concentration, persistence and pace and one or two episodes of decompensation. The ALJ concluded the record failed to reveal exacerbation or temporary increases in symptoms or signs accompanied by loss of adaptive behavior. (*Id.*, p. 20).

Plaintiff's memorandum of law submits several aspects of the administrative proceedings in regards to the medical evidence and the combination of plaintiff's impairments, particularly that no proper weight was given by the ALJ to the treating physicians' medical reports. (Docket No. 16, p. 14). Plaintiff's memorandum also avers the vocational expert Dr. Puig was not presented with the full panoply of relevant hypothetical questions that accurately reflected all of plaintiff's limitations. (*Id.*, pp. 13-14). Unless a vocational expert's testimony contains all relevant facts, it cannot be considered to have probative value and such facts cannot be sufficient when the ALJ has ignored evidence, misapplied the law or judge matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

Plaintiff submits as error of the ALJ that, as to the vocational expert Dr. Puig, the hypothetical questions proposed by the ALJ included that plaintiff Pabón could execute in the full light range level of exertion, with only limitations that these jobs be repetitive and simple tasks, not having contact with the public and only occasional contact with supervisors and workers. No reference to the mental limitations were submitted as the treating psychiatrist had indicated the presence of depression, poor impulse control,

psychomotor retardation, problems with memory and disorientation, among others. (Docket No. 16, pp. 13-14).

Thus, unless the ALJ deploys the proper legal standards and finds facts upon proper quantum of evidence, no substantial evidence supports the administrative decision.

In the present case, at the administrative hearing, there was also a medical expert testimony who made reference to plaintiff's mental condition and examined the medical record available. On said issue, plaintiff's legal counsel presented the corresponding questions to the medical expert including the assessment made at the administrative hearing by the medical expert Dr. Cortés as to plaintiff's mental condition and the vocational expert's opinion significantly varied from the one received with the limited hypothetical of the ALJ.

The Court of Appeals the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than

to testimony and reports of other medical experts in determining whether a claimant is disabled. Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. *See* Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).

However, in the present case, the ALJ also had Dr. Cortés' testimony at the administrative hearing regarding plaintiff's psychiatric condition who reviewed medical documentation of record. (Docket No. 8, Transcript pp. 34-35). Dr. Cortés indicated plaintiff Pabón's mental condition met the Listing of Impairments as reflected by subsection 12.03, including the presence of delusions and hallucinations, disorganized behavior, incoherence, illogical thinking and inappropriate affect. There was also isolation present. The patient had a hospitalization at Hospital Bella Vista with a diagnosis of psychosis in the emergency room. (*Id.*, p. 36). The listing requirements were met upon record of psychiatric hospitalization with a diagnosis of schizophrenia by the end of 2007. The medical expert further indicated prior to above date, the record showed major depression with psychotic features as per notes from CSCO Mayaguez wherein the presence of auditory hallucinations and delusions were reflected. (*Id.*, p. 37). (Docket No. 8, Transcript, pp. 232-255). Additionally, medical expert Dr. Cortés made reference to notes of treating psychiatrist Dr. Ortíz as to disorganized behavior, which also included reference to extreme restrictions in daily living, social functioning, concentration, persistence and rhythm in the report of December 8, 2008. (*Id.*, p. 38).

Dr. Ortíz' report dated April 26, 2010 showed plaintiff Pabón initiated treatment as of October 4, 2007 with monthly visits. The patient reported psychiatric history since 2003. The psychiatric hospitalization at Hospital Metropolitano of Cabo Rojo was from December 8-13, 2007, which for the first time presented the diagnosis of the mental condition as schizophrenia (*Id.*, p. 265). By last visit of November 12, 2008, Dr. considered the patient extremely limited in understanding and memory, as to sustained concentration and persistence, social interaction and adaptation. The diagnosis was 295.90, undifferentiated schizophrenia, and the prognosis was poor. (*Id.*, p. 553-555).

Insofar as to the questions to the vocational expert in response to the ALJ's hypothetical and Dr. Puig's opinion that Pabón could perform a number of light jobs, same cannot not serve the ALJ as a finding of plaintiff not being disabled for these hypothetical questions impermissibly omitted any mention of a significant functional limitation arising from the uncontested mental condition with or without the final diagnosis of schizophrenia. *See* Rose v. Shalala, 34 F.3d 13,19 (1st Cir. 1994) (remanding for further proceedings because the ALJ did not ask the vocational expert proper questions about non-exertional limitations); *see, e.g.*, Arocho v. Secretary of HHS, 670 F.2d 374, 375 (1st Cir. 1982).

Succinctly, a review of the medical evidence shows that notes from CSCO Mayaguez in 2008 refer to a DSM IV of 296.00 – unspecified bipolar disorder– and medications prescribed included Prozac and Ativan which were continued after the patient had been discharged from Hospital Metropolitano. (Docket No. 8, Transcript, pp. 467-468).

Previously, by September 2007, notes from the Ponce School of Medicine referred to a diagnosis of 296.33 –major depressive disorder, recurrent– and the presence of seizures, depression, without hallucinations. (*Id.*, p. 469). The reports from Centro de Salud Conductual further referred to plaintiff being admitted for ambulatory treatment since 2003 through last medical appointment of August 13, 2007 because of depressed mood, anxiety, anhedonia, lack of energy, increased irritability, diminished concentration and attention span. (*Id.*, p. 470). The patient was described as withdrawn, tensed, with psychomotor retardation and irritable affect. Plaintiff was coherent, relevant and logical, without homicidal or suicidal ideas. (*Id.*, p. 472). He was also oriented in the three spheres. Memory was preserved, attention and concentration were poor. (*Id.*, p. 473). The summary report dated September 2007 stated the patient suffered from seizure disorder and chronic, severe and recurrent depression. (Docket No. 8, Transcript, p. 474).

Furthermore, the medical expert at the administrative hearing Dr. Cortés, a psychiatrist, testified that as of date plaintiff Pabón was psychiatrically hospitalized and diagnosed with schizophrenia he continued to meet continuously the requirements of the Listing of Impairments. By April 10, 2010, the diagnosis was of paranoid schizophrenia and once such condition appears it is a lifelong one, which needs treatment and constant visits to doctors. (Docket No. 8, Transcript, pp. 43, 49). However, Dr. Cortés also clarified that prior to meeting the listing, the record showed treatment and a diagnosis for severe psychotic features which had not diminished and the patient continued to have hallucinations. (*Id.*, p. 45). Prior to meeting the listing, the patient had been presenting

inappropriate behavior, noted at times as bizarre behavior, and was initially treated with Haldol. Dr. Cortés considered the patient was already showing premorbid behaviors to schizophrenia. The diagnosis from CSCO of major severe depression with psychotic features before December 8, 2007 encompassed the symptoms shown by many patients as premorbid behaviors that lead to schizophrenia. (*Id.*, p. 54). With said condition, the person would be limited moderately in his social functioning and in maintaining concentration. (*Id.*, p. 56). Dr. Cortés indicated that before the hospitalization of December of 2007 and the diagnosis of schizophrenia, the patient must have been affected in that he must have been very disorganized and would be markedly limited as indicated by Dr. Malavé's report, the treating source. Insofar as maintaining regular and punctual work attendance in a competitive work environment, the patient would be absent constantly, would not be able to work regularly or keep pace and persistence. (*Id.*, pp. 57-58).[4]

However, the ALJ's opinion stated giving little weight to Dr. Malavé's opinion prior to December 8, 2007 because of limited objective evidence of mental impairment to establish the degree of disability and, thus, seemly substituting his own judgment by that of treating sources and the testimony of its own medical expert based on lack of prior psychiatric hospitalizations prior to December 8, 2007. (*Id.*, p. 22).

---

[4] The ALJ's reference was as to plaintiff Pabón being restricted to "simple work activity on <u>a limited, irregular basis</u>, not requiring contact with public and only requiring occasional contact with supervisors and co-workers". (*Id.*, p. 21) (emphasis supplied).

Lester D. Pabón-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1391 (CVR)
Page No. 15

---

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[5] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

Additionally, the ALJ needs also to consider the aggregate effect of the entire constellation of ailments, including those impairments that may on isolation may be considered not severe. 20 C.F.R. §404.1523. The perusal of the record as a whole fails to support substantial evidence to support the administrative decision in this case.

Furthermore, the hypothetical questions to the vocational expert did not present the complete panoply of established conditions that could have served as substantial evidence to the determination that plaintiff Pabón had a mental condition that had more than a relevant limitations in performing the full range of light type of work or those jobs identified by the vocational expert without presenting the additional limitations. If a vocational expert's testimony is to have probative value, the hypothetical questions posed

---

[5] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

must contain all relevant facts. Arocho v. Secretary of Health and Human Services, 670 F.2d 374, 375 (1st Cir. 1982) (in order for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from medical authorities). Since such is not the situation in the present case, the vocational expert's opinion fails to serve as substantial evidence in support of the administrative decision.

In view of the foregoing, this Magistrate Judge opines the decision of the Commissioner is not supported by substantial evidence in the record as whole, for which reason it is VACATED.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and having considered whether there was substantial evidence in support of the decision rendered by the Commissioner concludes the Commissioner's decision is not supported by said substantial evidence criteria and the same is vacated.

Judgment is to be entered vacating the decision of the Commissioner.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 10th day of June of 2013.

        S/CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ RIVE
        UNITED STATES MAGISTRATE JUDGE